UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHAN EVANS,

                Plaintiff,

v.

SNOHOMISH COUNTY CORRECTIONS,

                Defendant.

Case No. C11-973-JCC-BAT

**REPORT AND RECOMMENDATION**

Plaintiff Nathan Evans filed a 42 U.S.C. § 1983 civil rights complaint alleging the Snohomish County Correctional Facility violated his Eighth Amendment rights by issuing him a blanket that irritated his eyes and respiratory system and caused general discomfort. Dkt. 5 at 5.[1] In lieu of filing an answer, defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 10. Mr. Evans has not responded to the dismissal motion. Having reviewed the parties' pleadings and the record, the Court recommends the motion be **GRANTED** and this matter be **DISMISSED** for the reasons set forth below.

**BACKGROUND**

Mr. Evans alleges on April 20, 2011, he was issued a "Blackish-Grey" blanket at the Snohomish County Correctional facility. Dkt. 5 at 5. He claims his Eighth Amendment rights

---

[1] Plaintiff proceeds in forma pauperis and pro se.

REPORT AND RECOMMENDATION - 1

were violated because fibers from this blanket "agitate his eyes, nose, skin, throat, lungs, sinus and respiratory system causing headaches, rash, congestion, sore throat and loss of sleep and general discomfort." *Id.* Mr. Evans also contends he "has tried to resolve this issue by writing to the Defendant's medical department, by writing numerous kites and also by submitting requests for relief through the defendant's grievance process." *Id.* As relief, he requests monetary damages in the amount of $10,000, punitive damages, issuance of a non-fibrous blanket and costs and fees. *Id* at 6.

**DISCUSSION**

**A.   Analysis of Mr. Evans' claim**

   *1.   Elements of a § 1983 claim*

To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Mr. Evans alleges defendant violated his Eighth Amendment rights in that his blanket caused irritation and general discomfort. He further alleges he wrote defendant's medical department about this. The Court construes the complaint as alleging defendant was indifferent to Mr. Evans' medical needs and also indifferent to Mr. Evans' health by subjecting him to jail conditions that created a substantial risk of serious harm.

Turning first to the claim regarding medical treatment, the government has an obligation

to provide medical care for prisoners. The Eighth Amendment proscribes deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To establish "deliberate indifference," a prisoner must show that a defendant purposefully ignored or failed to respond to the prisoner's pain or possible medical need. *Id.* at 104. A determination of "deliberate indifference" involves an examination of two elements: (1) the seriousness of the prisoner's medical need; and (2) the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

In order to establish deliberate indifference there must first be a purposeful act or failure to act on the part of the defendant. *Id*. at 1060. A difference of opinion between a prisoner and medical authorities regarding proper medical treatment does not give rise to a § 1983 claim. *Franklin v. Oregon, State Welfare Div*., 662 F.2d 1337, 1344 (9th Cir. 1981). Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Further, a prisoner can make no claim for deliberate medical indifference unless the denial was harmful. *McGuckin*, 974 F.2d at 1060; *Shapely v. Nevada Bd. of State Prison Comm'rs.*, 766 F.2d 404, 407 (9th Cir. 1985).

Turning next to the allegations about the conditions of confinement, an Eighth Amendment violation can also occur when a jail official is deliberately indifferent to a prisoner's health or safety by subjecting them to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Conditions of confinement may be restrictive and harsh, but prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).

However, a prison official may be held liable only if he knows that inmates face a

REPORT AND RECOMMENDATION - 3

substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 837. In specific, a prisoner must prove two things: (1) the deprivation was, objectively, "sufficiently serious"; and (2) the prison officials acted with a "'sufficiently culpable state of mind.'" *Id*. at 834 (cited sources omitted). The latter subjective showing requires plaintiff to prove that (a) an official was aware of facts from which he could have inferred that a substantial risk of serious harm existed, and (b) that the official in fact drew the inference. *See id*. at 837.

    2.    *Liability of Snohomish County Corrections*

Mr. Evans names a single defendant: Snohomish County Corrections. A governmental agency such as the Snohomish County Corrections cannot be sued under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). Giving Mr. Evans the benefit of the doubt, the Court will assume he intended to name as defendant Snohomish County, a municipality that can be sued under § 1983. A municipality is liable in a § 1983 action only when the municipality inflicts an injury; it may not be held liable under a respondeat superior theory. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).

To hold a municipality liable for a constitutional injury, Mr. Evans must show the municipality itself violated his rights or that it directed its employee to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994). Under this theory of liability, the focus is on the municipality's "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's Officers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690). Here, Mr. Evans has failed to allege any facts as to a Snohomish County custom or policy that caused the injuries of which he complains. Accordingly, his allegations do not support a claim against Snohomish County and the claims

against this defendant should be dismissed.

   *3.   Liability of Snohomish County's jail medical department*

  Mr. Evans alleges he wrote to the Snohomish County Corrections' medical department. The complaint however, does not name any individual of that department as a defendant. The complaint does not state what Mr. Evans wrote to the medical department; the complaint does not state exactly what members of the medical department did nor did not do; and the complaint does not set forth any facts showing that any medical staff person caused Mr. Evans to suffer a constitutional injury. A defendant is not liable in a § 1983 civil rights action if he or she did not personally participate in the alleged violation. *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 781 (9th Cir. 1997). Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Under these standards, Mr. Evans has failed to state sufficient facts to bring a § 1983 claim for relief against members of the medical department.

**B.  Defendant's motion to dismiss**

  Defendant moves for dismissal under Rule 12(b)(6). The Court may dismiss a complaint under Rule 12(b)(6) when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1138 (9th Cir. 2003). The Court must accept all factual allegations in the complaint as true and must liberally construe those allegations in a light most favorable to the non-moving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). This is particularly true when considering pleadings of pro se litigants. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court need not accept conclusory allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In addition, the Court may not supply essential elements of a claim that

were not initially pled. *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).

Defendant argues the case should be dismissed because Mr. Evans "has failed to state a prima facie claim of a constitutional violation." Dkt. 10 at 1. The Court agrees. The complaint states in a conclusory fashion the jail's blankets cause irritation. Mr. Evans, however, presents nothing establishing the causal connection between the blankets and the claimed irritation. The complaint presents nothing showing Mr. Evans actually suffered irritation; the complaint makes no mention of medical documentation or records in support of the claim; and the complaint contains nothing showing that Mr. Evans was denied adequate medical treatment. Further, the complaint contains no discussion or description about whether Mr. Evans even needed or received any medical treatment for irritation caused by blankets. And finally, the complaint presents nothing showing how serious or how long the claimed irritations lasted.

Prisoners often face unpleasant living conditions in the jail but unpleasant conditions alone are insufficient to support an Eighth Amendment violation. Hence, even if the blankets caused irritation, the allegations contained in the complaint indicate an uncomfortable but not an unconstitutional jail condition. Prisoners also are entitled to adequate medical care but there has been nothing presented in this case that shows Mr. Evans needed or was denied adequate medical care. In sum, the complaint contains no facts establishing defendant was indifferent to Mr. Evans' medical needs or indifferent to his health by subjecting him to prison conditions involving substantial risk of serious harm.

The complaint should also be dismissed because as discussed earlier, it fails to name any correctional or medical staff who personally participated in or directed the alleged constitutional violation and fails to set forth any policy or practice of Snohomish County that is related to the

alleged violation.  Rather it simply names "Snohomish County Corrections" and alleges the "defendants" violated plaintiff's rights.  In short, the complaint fails to set forth any facts showing the County is liable and fails to identify any individual state actor whose actions would render that actor liable in a § 1983 action.

Because the complaint fails to state a claim for relief, the Court must also address whether Mr. Evans should be given the opportunity to amend his complaint before dismissal of the action.  *See Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).  In this case, Mr. Evans was directed by Order of the Court dated September 30, 2011, to submit a status report regarding whether he was still pursuing his claims.  Dkt. 9.  The Order was returned as undeliverable on October 7, 2011.  Dkt. 11.  Under Local Rule 41(a)(2), where mail directed to a pro se plaintiff is returned as undeliverable, the Court may dismiss the matter without prejudice if plaintiff fails to notify the Court and opposing counsel of plaintiff's current address within 60 days thereafter.  Since the Order was returned, the Court has received no communications from Mr. Evans, making the matter subject to dismissal on December 6, 2011 under the Local Rules.

In addition to failing to respond to the Court's Order, Mr. Evans has also not responded to defendant's motion to dismiss.  Under these circumstances, in which Mr. Evans has failed to respond to the Court's order or to defendant's motion, additional time to file an amended complaint should not be granted.

**CONCLUSION**

For the foregoing reasons, the Court recommends defendant's motion to dismiss be **GRANTED** and the matter be **DISMISSED** with prejudice.  Objections, if any, to this Report and Recommendation must be filed and served no later than **December 2, 2011.**  Objections shall not exceed twelve pages.  The Clerk is directed to note this matter for the Court's

consideration on **December 6, 2011.**  The failure to timely object may affect the right to appeal.

DATED this 4th day of November, 2011.

  
BRIAN A. TSUCHIDA  
United States Magistrate Judge